**ZI ANG ZHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–3505–ag.**

United States Court of Appeals, Second Circuit.

Aug. 19, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Khaghendra Gharti–Chhetry, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: PIERRE N. LEVAL, GUIDO CALABRESI and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Zi Ang Zheng, a native and citizen of China, seeks review of a June 17, 2008 order of the BIA dismissing an appeal from the June 19, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, in which the IJ denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zi Ang Zheng*, No. A78 867 754 (B.I.A. June 17, 2008); *In re Zi Ang Zheng*, No. A78 867 754 (Immig. Ct. N.Y. City June 19, 2006).

Where, as here, the BIA issues an opinion that does not expressly affirm, adopt, or otherwise merely supplement that of the IJ, our review focuses on the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's findings of fact, including adverse credibility determinations, under the substantial evidence standard, *see* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007), and review *de novo* questions of law and the application of law to undisputed fact, *see Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). In conducting our review, we assume the parties' familiarity with the underlying facts and procedural history in this case.

■ Zheng contends that the agency's adverse credibility determination underlying its rejection of his religion-based asylum claim is not supported by substantial evidence. We disagree. In holding that the IJ's adverse credibility determination was not clearly erroneous, the BIA specifically noted the IJ's observation of various discrepancies in petitioner's accounts: (1) while Zheng testified during his airport interview that he was never arrested by Chinese officials and did not mention that he had been beaten, he subsequently testified before the IJ that he was arrested and beaten by Chinese authorities; and (2) while Zheng testified during his airport interview that he smuggled six Bibles into China and had ordered 150 more, he subsequently testified before the IJ that he smuggled more than ten bibles into that country and did not mention that he ordered any more. Such record-based discrepancies are sufficient to support the agency's adverse credibility determination. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 107 (2d Cir.2006) (holding that IJ may rely on discrepancies and omissions that, when taken together, lead a " 'reasonable adjudicator' " to disbelieve account); *Biao Yang v. Gonzales*, 496 F.3d 268, 272 (2d Cir.2007) (upholding adverse credibility determination where, *inter alia*, alien failed to state at airport interview that he was previously arrested or beaten).

■ Zheng also contends that, by being deprived of work bonuses and benefits, he suffered past persecution on account of his alleged resistance to China's family-planning policy. Zheng, however, failed to de-

tail how the economic consequences he suffered were sufficiently severe to amount to persecution. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002); *In re J–H–S–,* 24 I. & N. Dec. 196, 200–01 (B.I.A.2007); *In re T–Z–,* 24 I. & N. Dec. 163, 173 (B.I.A.2007).

Because Zheng's withholding-of-removal and asylum claims depended on the same factual predicates, the agency's rejection of the latter necessarily foreclosed the former. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, because Zheng failed to challenge the IJ's denial of his CAT claim before the BIA, we lack jurisdiction to consider, and therefore dismiss, this portion of his petition. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.